UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

LORRAINE WETZEL,

                        Plaintiff,

          -against-

THE TOWN BOARD OF ORANGETOWN,
THE TOWN OF ORANGETOWN,
THOM KLEINER, MARIE MANNING AND
DENIS TROY,

                       Defendants.

08 Civ. 0196 (SCR)

--------------------------------------------------------------------------x

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS
# <u>PORTIONS OF THE COMPLAINT</u>

KEANE & BEANE, P.C.
Attorneys for Defendant
445 HAMILTON AVENUE, 15TH FLOOR
WHITE PLAINS, NEW YORK 10601
(914) 946-4777

# TABLE OF CONTENTS

I.  Preliminary Statement ...................................................................................................1

II.  Statement of Facts and Procedural History .......................................................5

    A.   The Disciplinary Hearing ...................................................................................5

    B.   Procedural History ...............................................................................................8

III.  Argument ...........................................................................................................................9

POINT I

THE STANDARD OF REVIEW ................................................................................9

POINT II

PLAINTIFF HAS RECEIVED ALL OF THE PROCESS
SHE IS DUE; THEREFORE, HER SECOND CLAIM
MUST BE DISMISSED ....................................................................................................11

    A.   Procedural Due Process ...................................................................................11

    B.   Substantive Due Process ...................................................................................14

POINT III

PLAINTIFF'S ARTICLE 78 CLAIM MUST BE DISMISSED
BECAUSE THIS COURT LACKS SUBJECT MATTER
JURISDICTION OVER IT .............................................................................................15

POINT IV

PLAINTIFF'S RIGHT TO PETITION CLAIM MUST BE
DISMISSED BECAUSE IT WAS ALREADY REJECTED
BY THIS COURT IN A PRIOR PROCEEDING AND SHE
HAS ALREADY EXERCISED THIS RIGHT ...............................................................17

POINT V

PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL
DEFENDANTS MUST VE DISMISSED .......................................................................20

POINT VI

    EXHIBIT 4 TO THE COMPLAINT MUST BE
    STRICKEN BY THE COURT...........................................................................................21

POINT VII

    PLAINTIFF'S CLAIMS IN THIS ACTION SHOULD
    BE STAYED UNTIL WETZEL III IS RESOLVED.........................................................22

IV.   Conclusion..............................................................................................................................22

# TABLE OF AUTHORITIES

**Cases**

*Blatch ex rel. Clay v. Hernandez,*
   360 F. Supp. 2d 595 (S.D.N.Y. 2005) ...................................................................16

*Blum v. Schlegel,*
   18 F.3d 1005 (2d Cir. 1994) ...............................................................................17

*Camacho v. Brandon,*
   56 F. Supp. 2d 370 (S.D.N.Y. 1999) ...................................................................16

*Cartagena v. City of New York,*
   257 F. Supp. 2d 708 (S.D.N.Y. 2003) .............................................................15, 16

*Chambers v. Time Warner, Inc.,*
   282 F.3d 147 (2d Cir. 2002) ...............................................................................10

*Cleveland Bd. of Educ. v. Loudermill,*
   470 U.S. 532, 105 S. Ct. 1487 (1985) ..................................................................11

*Connick v. Myers,*
   461 U.S. 138, 103 S.Ct. 1684 (1983) ...................................................................17

*Correction Officers Benevolent Ass'n of Rockland County v. Kralik,*
   226 F.R.D. 175 (S.D.N.Y. 2005) .........................................................................21

*County of Sacramento v. Lewis,*
   523 U.S. 833, 118 S.Ct. 1708 (1998) ...................................................................14

*Cronin v. Town of Amesbury,*
   895 F. Supp. 375 (D. Mass. 1995), *aff'd*, 81 F.3d 257 (1st Cir. 1996)......................19

*Dutton v. Swissport USA, Inc.,*
   04 Civ. 3417, 2005 WL 1593969 (E.D.N.Y. July 1, 2005)......................................10

*Ezekwo v. New York City Health & Hosps. Corp.,*
   940 F.2d 775 (2d Cir.), *cert. denied*, 502 U.S. 1013, 112 S.Ct. 657 (1991)..............18

*Gebhardt v. Allspect, Inc.,*
   96 F. Supp. 2d 331 (S.D.N.Y. 2000) .....................................................................9

*Gudema v. Nassau County,*
   163 F.3d 717 (2d Cir. 1998) ...............................................................................13

*Harris v. New York State Dep't of Health,*
   202 F. Supp. 2d 143 (S.D.N.Y. 2002) ...............................................................9, 10

*Hellenic Am. Neighborhood Action Comm.*
   *(HANAC) v. City of New York*, 101 F.3d 877 (2d Cir. 1996),
   *cert. denied* 521 U.S. 1140, 118 S.Ct. 15 (1997).........................................................................13

*Hemphill v. Schott,*
   141 F.3d 412 (2d Cir. 1998) ...........................................................................................................14

*Hishon v. King & Spalding,*
   467 U.S. 69, 104 S. Ct. 2229 (1984) ..............................................................................................9

*Holmes v. Gaynor,*
   313 F. Supp. 2d 345 (S.D.N.Y. 2004) ..........................................................................................12

*International Audiotext Network, Inc. v. American*
   *Tel. & Tel. Co.*, 62 F.3d 69 (2d Cir. 1995) ..................................................................................10

*Johnson v. Newburgh Enlarged Sch. Dist.,*
   239 F.3d 246 (2d Cir. 2001) ...........................................................................................................14

*Locurto v. Safir,*
   264 F.3d 154 (2d Cir. 2001) ...................................................................................................12, 13

*Mathews v. Eldridge,*
   424 U.S. 319, 96 S. Ct. 893 (1976) ..............................................................................................11

*Murphy v. Cadillac Rubber & Plastics, Inc.,*
   946 F. Supp. 1108 (W.D.N.Y. 1996)............................................................................................21

*Narumanchi v. Board of Trustees of Connecticut State Univ.,*
   850 F.2d 70 (2d Cir. 1988) .............................................................................................................11

*O'Connor v. Pierson,*
   426 F.3d 187 (2d Cir. 2005) ...........................................................................................................11

*Patrolmen's Benevolent Ass'n. of City of New York,*
   *Inc. v. New York State Public Employment Relations Bd.,*
   6 N.Y.3d 563, 815 N.Y.S.2d 1 (2006)............................................................................................6

*Poe v. Leonard,*
   282 F.3d 123 (2d Cir. 2002) ...........................................................................................................14

*Prestopnik v. Whelan,*
   253 F. Supp. 2d 369 (N.D.N.Y. 2003),
   *aff'd, in summary order*, 83 Fed. Appx. 363 (2d Cir. Dec. 8, 2003)....................................9, 19

*Quadrozzi Concrete Corp. v. City of New York,*
   03 Civ. 1905, 2004 WL 2222164 (S.D.N.Y. Sept. 30, 2004),
   *aff'd, in summary order*, 149 Fed. Appx. 17 (2d Cir. Aug. 23, 2005) .........................................9

*Rao v. New York City Health & Hosps. Corp.*,
   905 F. Supp. 1236 (S.D.N.Y. 1995) ......................................................................17

*Ruotolo v. City of New York*,
   514 F.3d 184 (2d Cir. 2008) ...............................................................................18

*Samuels v. Air Transport Local 504*,
   992 F.2d 12 (2d Cir. 1993) ...................................................................................9

*Sullivan v. County of Suffolk*,
   04 Civ. 3651, 2006 WL 2844205 (E.D.N.Y. Jun. 1, 2006) ....................................10

*Thomas v. Westchester County Health Care Corp.*,
   232 F. Supp. 2d 273 (S.D.N.Y. 2002) .................................................................10

*Tiltti v. Weise*,
   155 F.3d 596 (2d Cir. 1998) ...............................................................................17

*Vargas v. City of New York*,
   377 F.3d 200 (2d Cir. 2004) ...............................................................................13

*Velez v. Levy*,
   401 F.3d 75 (2d Cir. 2005) ............................................................................14, 15

*Villager Pond, Inc. v. Town of Darien*,
   56 F.3d 375 (2d Cir. 1995),
   *cert. denied*, 519 U.S. 808 (1996) .......................................................................9

*Weizmann Institute of Science v. Neschis*,
   229 F. Supp. 2d 234 (S.D.N.Y. 2002) .................................................................10

## Statutes

Civil Service Law § 75 ...............................................................................................10

Fed. R. Civ. P. 10(c) ................................................................................................21

Fed. R. Civ. P. 12(b)(1) .....................................................................................1, 16, 22

Fed. R. Civ. P. 12(b)(6) ................................................................................1, 9, 10, 22

Fed. R. Civ. P. 12(f).......................................................................................1, 21, 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LORRAINE WETZEL,

                Plaintiff,

      -against-                                08 Civ. 0196 (SCR)

THE TOWN BOARD OF ORANGETOWN,
THE TOWN OF ORANGETOWN,
THOM KLEINER, MARIE MANNING AND
DENIS TROY,

                Defendants.
-------------------------------------------------------------------x

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS
## <u>PORTIONS OF THE COMPLAINT</u>

**I.**    <u>**Preliminary Statement**</u>

      Defendants the Town Board of Orangetown (the "Board"), the Town of Orangetown (the "Town"), Thom Kleiner, Marie Manning and Denis Troy (collectively the "Defendants") submit this Memorandum of Law in support of their motion for an Order: (i) dismissing the second and fourth claims in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted; (ii) dismissing the third claim in the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; (iii) dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted against Defendants Thom Kleiner, Marie Manning and Denis Troy; (iv) striking Exhibit 4 from the Complaint pursuant to Fed. R. Civ. P. 12(f); (v) staying the adjudication of this action until certain claims raised in *Wetzel v. Town of Orangetown, et al.,* 06 Civ. 6117 (SCR), have been resolved; and (vi) awarding the Defendants such other and further relief as the Court deems just and proper.

This action, like related actions *Wetzel II, Wetzel III* and *Wetzel IV,*[1] arises from the adjudication of disciplinary charges preferred on September 7, 2004 concerning Plaintiff's conduct on July 7, 2004 (the "September 7 Charges").    Unfortunately, Plaintiff refuses to recognize and accept that (1) she committed acts of official misconduct in violation of the well-established Rules and Regulations of the Orangetown Police Department on July 7, 2004; (2) she received all the due process to which she is entitled prior to a determination of the charges and an imposition of a penalty; (3) adequate post-deprivation process is available under New York State law; (4) this Court has already rejected her claim that she has a right to petition the Town or its Board with respect to the disciplinary charges; and (5) she, in fact, has petitioned her local government with respect to her disciplinary charges.    With this action, Plaintiff and her counsel continue to malign the integrity and reputation of the Town and its officials.

Plaintiff received all pre-deprivation process to which she is entitled – notice of the September 7 Charges and an opportunity to be heard with respect to them.    It is clear from the Complaint that Plaintiff received prior notice of the evidentiary hearing held on the September 7 Charges.    Moreover, it is undisputed that she attended the hearing, was represented by counsel at the hearing and proffered documentary and testimonial evidence in defense of the charges. Ultimately, the record of the disciplinary proceeding was transmitted to the Board for its review and consideration.    On December 10, 2007, after reviewing the record of the hearing, reviewing the Report and Recommendation of the Hearing Officer and receiving remarks from counsel for Plaintiff and counsel for the Chief of the Town of Orangetown Police Department (the "Police

---

[1] "*Wetzel II*" refers to the related action *Wetzel v. Town of Orangetown, et al.,* 06 Civ. 5144 (SCR), which this Court dismissed.  This action is now on appeal in the Second Circuit as 07-CV-5114. "*Wetzel III*" refers to the related action *Wetzel v. Town of Orangetown, et al.,* 06 Civ. 6117 (SCR).  A motion to dismiss several claims in that action is pending before this Court.  "*Wetzel IV*" refers to the related action *Wetzel v. Town of Orangetown,* 06 Civ. 15190 (SCR) and a motion to dismiss this action is pending before this Court.

Chief"), the Board found Plaintiff guilty of all but two (2) charges contained within the September 7 Charges and imposed a ten (10) day suspension without pay as the penalty. An adequate post-deprivation process was available to Plaintiff – a New York State CPLR Article 78 proceeding in the New York State courts. Thus, there has been no deprivation of Plaintiff's procedural or substantive due process rights.

In a related proceeding, *Wetzel II*, this Court has already held that Plaintiff has no right to petition the Town or its Board concerning the disciplinary charges. Nonetheless, Plaintiff has petitioned the Board with respect to the disciplinary charges through (1) the draft petition annexed to the Amended Complaint of *Wetzel II*; (2) her counsel's letter to the members of the Board dated September 21, 2006; (3) the evidence (both testimonial and documentary) submitted at the hearing on the September 7 Charges; and (4) her counsel's oral statement and letter provided to the Board at its meeting on December 10, 2007. There is neither an allegation that Plaintiff has attempted to petition the Board on any other dates nor has she been foreclosed from doing so. Thus, Plaintiff's right to petition government for redress has not been abridged or denied by the Defendants.

In this action, Plaintiff also seeks to bring a New York State CPLR Article 78 claim ("Article 78 claim") to review the determination of guilt with respect to all but two (2) of the September 7 Charges and the appropriateness of the penalty imposed by the Board. Yet, the Southern District of New York has specifically found that it does not have the discretion to exercise supplemental jurisdiction over an Article 78 claim. Hence, the third claim in the Complaint must be dismissed.

Plaintiff's claims against Defendants Thom Kleiner, Marie Manning and Denis Troy (collectively, the "Individual Defendants") must likewise be dismissed. They are not alleged to

have taken any action that can support a cause of action against them in either their official or individual capacities. The Complaint is virtually devoid of any allegation that these individuals took any action with respect to Plaintiff and is devoid of any allegation that they acted with an improper motive when they did take action concerning Plaintiff. In fact, Defendants Marie Manning and Denis Troy are each only specifically mentioned in two (2) paragraphs of the Complaint. Likewise, Defendant Thom Kleiner is only mentioned in five (5) paragraphs of the Complaint. Thus, Plaintiff's claims against these Individual Defendants must be dismissed.

Exhibit 4 to the Complaint is a fifty-four (54) page document authored by Plaintiff's attorney that is entitled: "Manual for Municipal Reprisal against Police Officers (draft #1 Jan 9, 2008)." Despite its defamatory content, this document is not necessary for Plaintiff to adequately plead the claims in her Complaint. It has no evidentiary value and would be inadmissible at trial. Yet, it is defamatory and prejudicial to the Town and its officials. Accordingly, this Court should strike Exhibit 4 to the Complaint.

The claims in the Complaint are premised upon the disciplinary proceeding conducted with respect to the September 7 Charges, the determination of guilt on all but two (2) of those charges and the imposition of a ten (10) day suspension due to the determination of guilt. Interestingly, most of the misconduct alleged in support of these claims is conduct by individuals who are not defendants in this action - the Police Chief, the Police Chief's attorney for the disciplinary proceeding (who is Defendants' attorney herein) and the Hearing Officer (Joseph Wooley, Esq.). Plaintiff has raised similar claims against these individuals concerning the disciplinary proceeding in a prior related action, *Wetzel III*. In the interests of judicial economy and reducing the Town's financial burden in defending all of these actions, Defendants request

-4-

that this action be stayed until the claims concerning the disciplinary proceeding on the September 7 Charges in *Wetzel III* have been resolved.

Thus, through this motion Defendants seek the dismissal of the second, third and fourth claims in the Complaint; the dismissal of any claims asserted against the Individual Defendants; the striking of Exhibit 4 of the Complaint; and to stay the remaining claims in this action until the claims in *Wetzel III* based on the September 7 Charges have been resolved.

## II.   Statement of Facts and Procedural History

A brief summary of the facts relevant to this motion are set forth below. Unless otherwise noted, the facts set forth below are drawn from the Complaint dated January 9, 2008 and assumed true only for the purpose of this motion. The exhibits cited below are public records or other documents that this Court may consider pursuant to Fed. R. Civ. P. 12. As of January 2006, Plaintiff is a police lieutenant employed by the OPD. (Compl. ¶ 13).[2]

## A.   The Disciplinary Hearing

Two (2) sets of disciplinary charges were preferred by the Police Chief, against Plaintiff, in September 2004, stemming from two separate incidents that occurred on July 4 and 7, 2004, respectively. (Compl. ¶¶ 98, 99). The disciplinary Charges are governed by the Rockland County Police Act ("RCPA"). 1936 N.Y. Laws Chapter 526, as amended by 1941 N.Y. Laws Chapter 401, 1946 N.Y. Laws Chapter 941, 1961 N.Y. Laws Chapter 88, 1963 N.Y. Laws Chapter 372.[3] Initially, Plaintiff was represented in these disciplinary matters by Orangetown Policemen's Benevolent Association attorneys Bunyan & Baumgartner, LLP. (Compl. ¶¶ 7, 11,

---

[2] "Compl." refers to the Complaint in this action, which is Exhibit "A" to the accompanying Declaration of Lance H. Klein, Esq., dated April 4, 2008, which declaration will be cited to herein as "Klein Declaration" or "Klein Dec."

[3] A copy of the RCPA and its amendments is Exhibit "C" to the accompanying Klein Declaration.

15; Klein Dec. Exh. D.)  Shortly after the disciplinary charges were served, Plaintiff requested, and the Police Chief consented, to hold in abeyance hearing(s) on these charges pending the outcome of a certain state court litigation which directly impacted the procedure of the disciplinary hearings.  (Compl. ¶¶ 11, 118; Klein Dec. Exh. D).  The state litigation involved whether a town board could collectively bargain away to an arbitrator its responsibility to determine police disciplinary charges.  (Compl. ¶¶ 115, 117, 118).  The Court of Appeals ultimately upheld the position taken by the Town of Orangetown that police disciplinary proceedings were not subject to collective bargaining in Rockland County. *See Patrolmen's Benevolent Ass'n. of City of New York, Inc. v. New York State Pub. Employment Relations Bd.*, 6 N.Y.3d 563, 815 N.Y.S.2d 1 (2006).

On or about May 22, 2006, the Town Board appointed an individual to serve as a hearing officer with regard to the disciplinary charges preferred against Plaintiff.  (Compl. ¶ 16).  On or about June 30, 2006, Plaintiff and her attorneys received notice from the appointed Hearing Officer, that pursuant to the RCPA, a hearing had been scheduled on July 11, 2006 concerning the July 7, 2004 incident.   (Compl. ¶ 15; Klein Dec. Exh. E).   On June 30, 2006, Michael Diederich, Jr., Esq., Plaintiff's counsel, requested the hearing be adjourned.  (Compl. ¶ 23).   On July 5, 2006, the Police Chief's counsel, Lance H. Klein, Esq., responded to Mr. Diederich's request for an adjournment, indicating that he would consent to the adjournment on the condition that Mr. Diederich refrain from using a pending federal action, *Wetzel v. Town of Orangetown, et al.*, 03 Civ. 9896, to obtain discovery he was not otherwise entitled to under the RCPA on the disciplinary proceeding.  (*See* Klein Dec. Exh. F; *Contrast* Compl. ¶ 24). Mr. Diederich refused to agree to the terms of the adjournment.

So, the hearing on the September 7 Charges began as scheduled on July 11, 2006 before the Hearing Officer (the "Disciplinary Hearing"). (Compl. ¶ 28). Mr. Klein, as counsel for the Police Chief, prosecuted the September 7 Charges through the testimony of Captain Robert Zimmerman. (Compl. ¶ 167; Klein Dec. Exhs. G, H [pp. 309, 327]).[4] After unsuccessfully seeking to call Plaintiff as a witness, the Police Chief through his attorney, Mr. Klein, rested at the beginning of the second day of the Disciplinary Hearing (August 4, 2006). (Klein Dec. Exh. H [pp. 309, 327]). Plaintiff proceeded to defend the charges by calling numerous witnesses and admitting documentary evidence over eight (8) hearing dates. (Compl. ¶ 30; Klein Dec. Exhs. H [pp. 297, 376-77, 425, 468-69], I, J, K, L [pp. 1190, 1194], M, N [pp. 1667, 1697, 1771-72, 1865-66], O [pp. 1896, 1904, 2211]). Prior to the conclusion of the hearing, Plaintiff challenged the jurisdiction and impartiality of Hearing Officer Wooley in a letter to the members of the Town Board dated September 21, 2006. (Compl. ¶ 33; Klein Dec. Exh. P). The hearing concluded on November 1, 2006. (Compl. ¶ 30). On this date, the Hearing Officer gave the parties the choice of providing verbal closing statements on the record or submitting written closing statements. (*See* Klein Dec. Exh. O [pp. 2221-23]). Plaintiff elected a verbal closing statement on the record. (*See* Klein Dec. Exh. O [p. 2222]). The Police Chief elected to prepare a written closing statement. (Compl. ¶ 47; Klein Dec. Exh. O [p. 2221]). Thereafter, Plaintiff's counsel wrote to the Hearing Officer requesting a deadline by which he could submit a written closing statement. (Compl. ¶¶ 42, 43, 45). The Hearing Officer did not respond to his request and Plaintiff never submitted a written closing statement. (Compl. ¶¶ 45, 46).

---

[4] When certain pages are cited with respect to the transcripts of the Disciplinary Hearing, which are Exhibits G, H, I, J, K, L, M, N and O of the accompanying Klein Declaration, the page numbers refer to the actual transcript pages not the pages of the exhibits since only excerpts of the transcripts are provided and the transcripts were sequentially paginated.

A Report and Recommendation was issued by the Hearing Officer in June 2007. (Compl. ¶ 48). After its issuance, Plaintiff wrote to the Town requesting permission to address the Board with respect to the Report and Recommendation. (Compl. ¶¶ 52, 56). Submission of the hearing record to the Town Board was delayed due to Plaintiff's counsel's request for a Temporary Restraining Order and Preliminary Injunction in the related action *Colandrea v. Town of Orangetown, et al.*, 06 Civ. 11441. (Klein Dec. ¶ 9).    In December 2007, Plaintiff and the Police Chief were offered an opportunity to address the Board for five (5) minutes with respect to the September 7 Disciplinary Charges at the Board's regularly scheduled meeting on December 10, 2007. (Compl. ¶ 57). At that meeting, Plaintiff's counsel addressed the Board for five (5) minutes and submitted a written letter to the Board. (Compl. ¶ 67; Klein Dec. ¶ 11, Exh. Q). Counsel for the Police Chief (and now Defendants herein, Mr. Klein) also addressed the Board for five (5) minutes. (Klein Dec. ¶ 11). Later, at that same meeting, the Board found Plaintiff guilty of all but two (2) of the September 7 Charges and imposed a ten (10) day suspension without pay as the penalty, which was administered by the Police Chief. (Compl. ¶¶ 71, 74, Exh. 1).

## B.    **Procedural History**

In January 2008, Plaintiff commenced this action, encaptioned *Wetzel v. The Town Board of Orangetown, et al.*, 08 Civ. 0196 (SCR) ("*Wetzel VI*"). On February 21, 2008, Defendants submitted a proposed schedule for the instant motion to dismiss that was So-Ordered by the Court. (*See* Klein Dec. Exh. R). On March 27, 2008, Defendants' counsel requested a one (1) week adjournment of the schedule for the instant motion. (*See* Klein Dec. Exh. S). Plaintiff's counsel consented to the request and the Court so-ordered a new schedule. (*Id.*)

### III.    **Argument**

## POINT I

## THE STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the pertinent issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (1996) (citation omitted).  In deciding a Rule 12(b)(6) motion, a court must accept the factual allegations in the Complaint as true.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984); *Harris v. New York State Dep't of Health*, 202 F. Supp. 2d 143, 147 (S.D.N.Y. 2002).  But "conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true."  *See Prestopnik v. Whelan*, 253 F. Supp. 2d 369, 370 (N.D.N.Y. 2003), *aff'd, in summary order*, 83 Fed. Appx. 363 (2d Cir. Dec. 8, 2003).  "To avoid dismissal, a plaintiff must do more than plea mere 'conclusory allegations or legal conclusions masquerading as factual conclusions.'"  *Quadrozzi Concrete Corp. v. City of New York*, 03 Civ. 1905, 2004 WL 2222164 at *1 (S.D.N.Y. Sept. 30, 2004), *aff'd, in summary order*, 149 Fed. Appx. 17 (2d Cir. Aug. 23, 2005), *citing, Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000).

As a general rule, in deciding a Rule 12(b)(6) motion the court should consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993); *see also Harris*, 202 F. Supp. 2d at 147.  However, this rule is subject to several exceptions.  For example, it is well-established that the Court may consider a

document, even if not attached or incorporated by reference, where the Complaint "relies heavily upon its terms and effect," thus rendering the document "integral" to the Complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (*quoting International Audiotext Network, Inc. v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)), *see also Harris*, 202 F. Supp. 2d at 147.

Courts also may take judicial notice of pleadings, judgments, notices and other public filings entered in related judicial and administrative matters. *See, e.g., Sullivan v. County of Suffolk*, 04 Civ. 3651, 2006 WL 2844205 at *2, n. 2 (E.D.N.Y. Jun. 1, 2006) ("[T]he Court is authorized to take judicial notice of a sworn transcript with respect to the administrative hearing, even if it is not attached to the complaint or an affidavit"); *Dutton v. Swissport USA, Inc.*, 04 Civ. 3417, 2005 WL 1593969 at * 1 (E.D.N.Y. July 1, 2005) (taking judicial notice of transcript from worker's compensation board hearing); *Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273, 276-77 (S.D.N.Y. 2002) (stating that a federal court may take judicial notice of the records of state administrative proceedings, such as disciplinary proceedings against a civil service employee brought under Civil Service Law § 75); *Weizmann Institute of Science v. Neschis*, 229 F. Supp. 2d 234, 246-47 n. 19 & 20 (S.D.N.Y. 2002) (listing the documents of which judicial notice would be taken, including court orders, transcripts, notices served by party and a letter from counsel). All of the exhibits submitted in support of this motion are properly considered by this Court for purposes of Fed. R. Civ. P. 12(b)(6).

## POINT II

### PLAINTIFF HAS RECEIVED ALL OF THE PROCESS SHE IS DUE; THEREFORE, HER SECOND CLAIM MUST BE DISMISSED

A two-step inquiry is required where a plaintiff alleges a deprivation of her federal due process rights in an employment context. First, the Court must determine whether Plaintiff had a protected property interest in the benefit in question. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S. Ct. 1487, 1491 (1985); *Narumanchi v. Board of Trustees of Connecticut State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988). If such a property right exists, the Court must then determine whether that right was deprived without due process of law. *See Mathews v. Eldridge*, 424 U.S. 319, 332-33, 96 S. Ct. 893, 901-2 (1976); *Narumanchi*, 850 F.2d at 72.

### A.    Procedural Due Process

The allegations in the Complaint fail to establish the second element of a due process claim. The Complaint concedes that Plaintiff received an opportunity to be heard on the disciplinary charges before any finding of guilt or innocence was made or any assessment of the appropriate penalty. (Compl. ¶¶ 15, 28-30, 33, 57, 67, 124, 228(b), Exhs. 1, 2). Specifically, the Complaint admits and/or the transcripts of the Disciplinary Hearing establish that Plaintiff received prior notice of the commencement of the hearing, attended the hearing, was represented by counsel, participated in scheduling the continuation of the hearing beyond July 11, 2006 and spent eight (8) hearing dates presenting evidence – including witness testimony – in defense of the charges. (*Id.*; Klein Dec. Exhs. G, H, I, J, K, L, M, N and O). In the context of pre-deprivation opportunities to be heard, due process does not require anything more. *See O'Connor v. Pierson*, 426 F.3d 187, 198 (2d Cir. 2005) (primary function of pre-deprivation

process "is to serve as an initial check against mistaken decisions" and given this limited function, "the Constitution mandates only that such process include, at a minimum, notice and the opportunity to respond" [citation omitted]); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 359 (S.D.N.Y. 2004) (due process satisfied where the plaintiff attended a pre-termination meeting with village mayor). In fact, procedural due process does not even require that the adjudicator of the pre-deprivation hearing be unbiased as long as a post-deprivation hearing before a neutral adjudicator is available. *Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001) (a neutral adjudicator is not a necessary component of due process at a pre-termination hearing).

Hence, Plaintiff was provided with a pre-deprivation opportunity to be heard. It may not have been the opportunity to be heard that Plaintiff wanted – she wanted the Board to conduct the hearing on the September 7 Charges itself and/or to have unfettered access to the members of the Board. (Compl. ¶¶ 29, 33, 36, 228.a., 228.p., 228.q., 240, 246, 248). Although the September 7 Charges were tried by a hearing officer appointed by the Board, Plaintiff exercised her right to respond to the charges – she attended the hearing, she was represented by counsel on each date and for eight (8) days she tendered witnesses and documentary evidence in defense to the charges. (Compl. ¶¶ 29-30, 33, 124, 228.b., Exhs. 1, 2; Klein Dec. Exhs. G, H, I, J, K, L, M, N and O). Before the hearing was completed, Plaintiff's counsel submitted a thirteen (13) page letter to the members of the Board that challenged the authority and impartiality of the appointed Hearing Officer. (Compl. ¶ 33; Klein Dec. Exh. P). Following the conclusion of the hearing and the issuance of a report and recommendation by the Hearing Officer, the record of Disciplinary Hearing was transmitted to the Board and reviewed by them before they reached any determination on the September 7 Charges. (Compl. ¶¶ 53, 55-56, Exh. 1; Klein Dec. ¶ 9). The record consisted of the transcripts of the testimony and arguments presented each day to the

Hearing Officer as well as the documentary and electronic exhibits admitted into evidence. (Compl. ¶ 65; Klein Dec. ¶ 9). Finally, before the Board rendered its determination on the September 7 Charges and imposed a penalty, Plaintiff was given a further opportunity to be heard by the Board. (Compl. ¶¶ 57, 67, Exh. 1; Klein Dec. ¶ 11, Exh. Q). She was allotted five (5) minutes to address the Board on the evening of December 10, 2007. (Compl. ¶ 67, Exh. 1; Klein Dec. ¶ 11, Exh. Q). Plaintiff's counsel spoke on her behalf and submitted a letter to the Board. (*Id.*).

At the same meeting, the Board found Plaintiff guilty of all but two (2) of the September 7 Charges and imposed a ten (10) day suspension without pay. (Compl. ¶¶ 71, 74, Exh. 1). The Board's determination can be challenged through an Article 78 proceeding. *See* RCPA § 7; N.Y. C.P.L.R. §§ 7801, 7803, 7804 (LexisNexis 2008). The availability of a CPLR Article 78 proceeding constitutes an adequate post-deprivation remedy for any due process violation that allegedly occurred during or as a result of the preferral, prosecution and disposition of the September 7 Charges. *See Locurto*, 264 F.3d at 175 ("An Article 78 proceeding constitutes a wholly adequate post-deprivation hearing for due process purposes."). This forecloses Plaintiff from asserting a federal due process claim. *See Vargas v. City of New York*, 377 F.3d 200, 208 (2d Cir. 2004) (police officer's due process claim challenging the termination of his employment was properly dismissed); *Hellenic Am. Neighborhood Action Comm. (HANAC) v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996), *cert. denied* 521 U.S. 1140, 118 S.Ct. 15 (1997) (holding that an Article 78 proceeding is a "perfectly adequate post-deprivation remedy"); *Gudema v. Nassau County*, 163 F.3d 717, 724-25 (2d Cir. 1998) (availability of Article 78 as post-deprivation remedy warranted dismissal of police officer's due process claim as a matter of law).

**B.**    <u>Substantive Due Process</u>

For Plaintiff's substantive due process claim to survive this motion to dismiss, it must allege governmental conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis,* 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 1717 (1998) ; *see also Poe v. Leonard,* 282 F.3d 123, 139 (2d Cir. 2002). Typically, such claims arise in the context of excessive force claims.  *See, e.g., Hemphill v. Schott,* 141 F.3d 412, 419 (2d Cir. 1998).  Certainly, "malicious and sadistic" abuses of power by government officials, intended to "oppress or to cause injury" and designed for no legitimate government purpose, "unquestionably shock the conscience." *Johnson v. Newburgh Enlarged Sch. Dist.,* 239 F.3d 246, 252 (2d Cir. 2001).  This is so because due process rests on the bedrock principle that we must protect the individual "against ... the exercise of power without any reasonable justification in the service of a legitimate governmental objective." *Velez v. Levy,* 401 F.3d 75, 94 (2d Cir. 2005) (*quoting County of Sacramento,* 523 U.S. at 845-46, 118 S.Ct. at 1716).

Here, Plaintiff challenges the adjudication of the September 7 Charges by the Board.  She has not alleged any malicious, oppressive or shocking conduct by any of the Defendants in this action.   Instead, she appears to base her substantive due process claim upon the conduct of individuals who are not defendants in this action and against whom she has already asserted a substantive due process claim in *Wetzel III* – the Police Chief, the Hearing Officer and Mr. Klein. (*See, e.g.,* Compl. ¶¶ 21, 27, 31, 76, 80, 92, 97, 100, 141, 167, 169, 185-86, 195-99, 221-22).  Even if this defective pleading is ignored, the substantive due process claim in this action fails and must be dismissed.  To the extent Plaintiff has alleged actions that rise beyond the wrongful to the unconscionable and shocking, these actions, if proven, would constitute, in themselves, specific constitutional violations, *e.g.* gender discrimination, retaliation and denial of

-14-

equal protection. Yet, where a specific constitutional provision prohibits government action, a plaintiff seeking redress for that prohibited conduct in a Section 1983 suit cannot make reference to the broad notion of substantive due process. *See Velez,* 401 F.3d at 94. Accordingly, Plaintiff's substantive due process claim must be dismissed.

### POINT III

**PLAINTIFF'S ARTICLE 78 CLAIM
MUST BE DISMISSED BECAUSE THIS COURT
LACKS SUBJECT MATTER JURISDICTION OVER IT**

The third claim in the Complaint is entitled: "Third Claim For Relief - Certiorari (Article 78) Review of the Finding of Guilt and Penalty Assessment of the Defendant's Town Board, With a Declaration Nullifying the Town Board's December 10, 2007 Action". In paragraph 233 of the Complaint, Plaintiff alleges: "[u]pon information and belief, under the Police Act, Plaintiff is entitled to certiorari review from a court of competent jurisdiction." However, the RCPA is more specific with respect to the review of a determination of guilt with respect to disciplinary charges:

> The conviction of a member of such police department by the town board shall be subject to review by certiorari to the supreme court in the judicial district in which such town is located, provided that application therefore be made within thirty days from the determination of such conviction by the town board.

RCPA § 7. Clearly, review through an Article 78 proceeding in a state court is contemplated by the RCPA and is acknowledged by Plaintiff in the title given to her third claim.

Yet, the Southern District of New York has specifically found that it does not have the discretion to exercise supplemental jurisdiction over an Article 78 claim. *Cartagena v. City of New York,* 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003). "The Article 78 proceeding is a 'novel and special creation of state law' and state law provides that the Supreme Court has exclusive

jurisdiction over Article 78 claims, except those claims that must be brought in the Appellate Division." *Cartagena*, 257 F. Supp. 2d at 710 (*quoting Camacho v. Brandon*, 56 F. Supp. 2d 370, 379-380 [S.D.N.Y. 1999]).    Hence, New York state law "does not permit Article 78 proceedings to be brought in federal court" and, therefore, this Court lacks subject matter jurisdiction over Plaintiff's third claim for relief. *Cartagena*, 257 F. Supp. 2d at 710; *see also Blatch ex rel. Clay v. Hernandez*, 360 F. Supp. 2d 595, 637 (S.D.N.Y. 2005).

Plaintiff seeks to avoid the dismissal of this claim by asserting that her state claims are inextricably intertwined with her federal claims (Compl. ¶¶ 237-38); however, even if true, this does not provide this Court with jurisdiction over her Article 78 claim.    Moreover, Plaintiff has asserted here and in prior federal actions her federal claims with respect to the disciplinary charges that were prosecuted against her. (*See, e.g.* Compl. ¶¶ 172-231, 244-262; Klein Dec. Exh. U [pp. 58-66, 69-73].    Accordingly, the third claim in the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction over this claim.

## POINT IV

### PLAINTIFF'S RIGHT TO PETITION CLAIM MUST BE DISMISSED BECAUSE IT WAS ALREADY REJECTED BY THIS COURT IN A PRIOR PROCEEDING AND SHE HAS ALREADY EXERCISED THIS RIGHT

In a related action, *Wetzel v. Town of Orangetown, et al.*, 06 Civ. 5144 (SCR) (*"Wetzel II"*), the right to petition claim asserted in this Complaint was rejected by Your Honor. In an Order adopting the Report and Recommendation of Magistrate Fox and directing the dismissal of the Amended Complaint in *Wetzel II*, Your Honor specifically found:

> Moreover, to the extent that plaintiff does have standing with respect to her right to speak to the Town Supervisor or the Town Board regarding her disciplinary hearing, plaintiff has failed to state a claim because such speech would not be constitutionally protected . . . .

(Klein Dec. Exh. T).

As Your Honor appropriately recognized, where the primary motive behind an employee's speech is to seek redress for a personal wrong, the speech is not protected by the First Amendment merely because its subject matter "may affect the public." *Tiltti v. Weise*, 155 F.3d 596, 603 (2d Cir. 1998); *see also Blum v. Schlegel*, 18 F.3d 1005, 1012 (2d Cir. 1994) ("[T]he fact that an employee's speech touches on matters of public concern will not render that speech protected where the employee's motive for the speech is private and personal."); *Rao v. New York City Health & Hosps. Corp.*, 905 F. Supp. 1236, 1243 (S.D.N.Y. 1995), *quoting Connick v. Myers*, 461 U.S. 138, 146-8, 103 S.Ct. 1684, 1689-90 (1983) ("The fundamental question is whether the employee is seeking to vindicate personal interests or to bring to light a 'matter of political, social, or other concern to the community.'").

*Ezekwo v. New York City Health & Hosps. Corp.*, 940 F.2d 775 (2d Cir.), *cert. denied*,

502 U.S. 1013, 112 S.Ct. 657 (1991), is instructive with respect to the scope of speech that is not

protected by the First Amendment. In *Ezekwo*, the Second Circuit held that a physician's

complaints about her hospital's residency program were not matters of public concern. Although

the quality of a physician-training program may affect the public, the Second Circuit concluded

as follows:

> [P]laintiff was not on a mission to protect the public welfare.
> Rather, her primary aim was to protect her own reputation and
> development as a doctor . . . . The district court correctly reasoned
> that the mere fact that one or two of [plaintiff's] comments could
> be construed broadly to implicate matters of public concern does
> not alter the general nature of her statements.

*Ezekwo*, 940 F.2d at 781. Moreover, invoking a generalized public interest in the fair and proper

treatment of public employees, such as Plaintiff, is not sufficient to convert personal grievances

seeking personal relief into protected speech. *See Ruotolo v. City of New York*, 514 F.3d 184,

190 (2d Cir. 2008).

Moreover, Plaintiff has already exercised her right to petition the Board with respect to

the disciplinary charges. For instance, a "Draft Petition for Redress of Grievances" was annexed

as Exhibit "1" to the Amended Complaint in *Wetzel II*. (*See* Klein Dec. Exh. V). On September

21, 2006, her attorney wrote the members of the Board a thirteen (13) page letter detailing

Plaintiff's various complaints with respect to the disciplinary proceeding. (Compl. ¶ 33; Klein

Dec. Exh. P). Plaintiff seeks to avoid having this letter considered a petition to the Board by

claiming it was disregarded due to a pre-emptive letter sent to the Board by Defendants' counsel,

Mr. Klein. (Compl. ¶¶ 34, 35). Despite receiving a copy of Mr. Klein's September 7, 2006

letter, two (2) weeks later, Plaintiff's attorney sent his September 21, 2006 letter. (Compl. ¶¶ 33,

34; Klein Dec. Exh. P). Yet, Plaintiff presumes (without any basis) that the members of the

Town Board acquiesced to Mr. Klein's request and disregarded her attorney's September 21, 2006 letter. (Compl. ¶¶ 33-35).

Furthermore, by participating in the Disciplinary Hearing, Plaintiff was able to communicate to the Board her view of the merits of the September 7 Charges. The record of the Disciplinary Hearing was provided to and reviewed by the Board before it made a determination on the September 7 Charges. (Compl. Exh. 1). Finally, Plaintiff also had an opportunity to address the Board on December 10, 2007 with respect to the September 7 Charges. (Compl. ¶¶ 57, 67). Her attorney addressed the Board for the entire five (5) minutes allotted to her and presented an additional letter to the Board. (Compl. ¶¶ 57, 67; Klein Dec. ¶ 11, Exh. Q).

Plaintiff fails to acknowledge that the right to petition is just that, a right to present facts, which is just what she did through her attorney on September 21, 2006 when he wrote to the Board and on December 10, 2007 when he spoke and submitted a letter to the Board. (Compl. ¶ 67; Klein Dec. ¶ 11, Exhs. P, Q). Significantly, the "right to petition government afforded by the First Amendment does not include the absolute right to speak in person to officials. . . ." *See Prestopnik*, 253 F. Supp. 2d at 375, *quoting, Cronin v. Town of Amesbury*, 895 F. Supp. 375, 390 (D. Mass. 1995), *aff'd*, 81 F.3d 257 (1st Cir. 1996).

Thus, although Plaintiff has no right to petition the Board with regard to the September 7 Charges, she already has petitioned the Board with regard to them. As a result, the fourth claim in the Complaint must be dismissed.

## POINT V

### PLAINTIFF'S CLAIMS AGAINST THE
### INDIVIDUAL DEFENDANTS MUST BE DISMISSED

Plaintiff's claims against the Individual Defendants must likewise be dismissed. They are not alleged to have taken any action that can support a cause of action against them in either their official or individual capacities. The Complaint is virtually devoid of any allegation that these individuals took any action with respect to Plaintiff and is devoid of any allegation that they acted with an improper motive when they did take action concerning Plaintiff. In fact, Defendants Marie Manning and Denis Troy are each only specifically mentioned in two (2) paragraphs of the Complaint. First, at the beginning of the Complaint, each one is identified as a resident of the Town, who is being sued in his/her official capacity as a Town Councilmember. (Compl. ¶¶ 5, 6). Second, in paragraph seventy-four (74) of the Complaint, the resolution passed by the Board with respect to the September 7 Charges is recited and the recitation indicates the Individual Defendants voted in favor of the resolution. In addition to this paragraph, Defendant Thom Kleiner is only: (a) identified at the beginning of the Complaint as a resident of Town, who is being sued as the Town Supervisor (*See* Compl. ¶ 4); (b) referenced as the "Town Supervisor" in two (2) paragraphs concerning his implementation of the Board's decision to permit counsel for Plaintiff and counsel for the Police Chief to have five (5) minutes to address the Board concerning the September 7 Charges *(See* Compl. ¶¶ 67, 69); and (c) believed to have received advice from Mr. Klein concerning preparing disciplinary charges against Plaintiff (*See* Compl. ¶ 100). Accordingly, these allegations are inadequate to state claims against the Individual Defendants and they should be dismissed with prejudice, from this action.

**POINT VI**

**EXHIBIT 4 TO THE COMPLAINT
MUST BE STRICKEN BY THE COURT**

"The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f) (2008). Although motions to strike pursuant to Fed. R. Civ. P. 12(f) are generally disfavored, Exhibit 4 to the Complaint warrants striking. Exhibit 4 is entitled "Manual for Municipal Reprisal against Police Officers (draft #1 Jan 9, 2008)". It is a scathing fifty-four (54) page missive authored by the Law Office of Michael D. Diederich, Jr. It is redundant of the Complaint in this action as well as the complaints in related proceedings brought by this same Plaintiff against the Town and its officials. (*See Wetzel II* and *III* [Klein Dec. Exhs. U, V]). Exhibit 4 lacks any evidentiary value, it is not a written instrument within the meaning of Fed. R. Civ. P. 10 (c)[5] and it is highly inflammatory and prejudicial to the Town and its officials. Exhibit 4 is libelous against many Town officials and/or agents, who are not even parties to this action, such as the Police Chief, the Police Captain, the "henchman hearing officer." (*See e.g.* Compl. Exh. 4, pp. 8, 14, 17, 20, 26-27, 35). It even goes so far to defame a "pro-government anti-individual Rights Judge". (Compl. Exh. 4, p. 1). Under Rule 12(f), this Court has struck exhibits that were settlement agreements as irrelevant and letters as not constituting written instruments. *See e.g. Correction Officers Benevolent Ass'n of Rockland County v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005). Accordingly, Exhibit 4 should be struck by this Court.

---

[5] Written instruments are documents evidencing legal rights or duties such as deeds, wills, bonds, leases, insurance policies or security agreements. *See Correction Officers Benevolent Ass'n of Rockland County v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005); *see also Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1115 (W.D.N.Y. 1996).

### POINT VII

### PLAINTIFF'S CLAIMS IN THIS ACTION SHOULD BE
### STAYED UNTIL *WETZEL III* IS RESOLVED

The claims in the Complaint are premised upon the disciplinary proceeding conducted with respect to the September 7 Charges, the determination of guilt on all but two (2) of those charges and the imposition of a ten (10) day suspension due to the determination of guilt. Interestingly, most of the misconduct alleged in support of these claims is conduct by individuals who are not defendants in this action - the Police Chief, Mr. Klein and the Hearing Officer (Joseph Wooley, Esq.). (*See, e.g.* Compl. ¶¶ 21, 27, 31, 76, 80, 92, 97, 100, 141, 167, 169, 185-86, 195-99, 221-22). Plaintiff has raised similar claims against these individuals concerning the disciplinary proceeding in a prior action, *Wetzel III*. (*See* Klein Dec. Exh. U [pp. 58-75]). In the interests of judicial economy and reducing the Town's own financial burden in defending all of these actions, Defendants request that this action be stayed and placed on the inactive calendar until the claims concerning the disciplinary proceeding on the September 7 Charges in *Wetzel III* have been resolved.

### IV.   Conclusion

For the reasons set forth above, Defendants request that the Court enter an Order providing the following relief: (a) dismissing the second and fourth claims in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6); (b) dismissing the third claim in the Complaint pursuant to Fed. R. Civ. P. 12(b)(1); (c) dismissing the claims against Defendants Thom Kleiner, Marie Manning and Denis Troy pursuant to Fed. R. Civ. P. 12(b)(6); (d) striking Exhibit 4 to the Complaint pursuant to Fed. R. Civ. P. 12(f); (e) staying the adjudication of this action until the

claims premised on the September 7 Charges in *Wetzel III*, have been resolved; and (f) awarding

Defendants such other and further relief as the Court deems just and proper.

Dated:    White Plains, New York
          April 4, 2008

                          **KEANE & BEANE, P.C.**


              By:    _____
                     Lance H. Klein (LK 8243)
                     Stephanie L. Burns (SB 3467)
                     Attorneys for Defendants
                     445 Hamilton Avenue, Suite 1500
                     White Plains, New York 10601
                     (914) 946-4777