UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

LORRAINE WETZEL,

              Plaintiff,

        -against-

THE TOWN BOARD OF ORANGETOWN,
THE TOWN OF ORANGETOWN,
THOM KLEINER, MARIE MANNING AND
DENIS TROY,

              Defendants.

--------------------------------------------------------------------x

08 Civ. 0196 (SCR)

 

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO
<u>DISMISS PORTIONS OF THE COMPLAINT</u>**

KEANE & BEANE, P.C.
Attorneys for Defendants
445 HAMILTON AVENUE, 15TH FLOOR
WHITE PLAINS, NEW YORK 10601
(914) 946-4777

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT .................................................................................... 1

II.     STATEMENT OF FACTS
        AND PROCEDURAL HISTORY ................................................................................. 4

III.    ARGUMENT.............................................................................................................. 4

        POINT I
        PLAINTIFF HAS RECEIVED
        ALL OF THE PROCESS SHE IS DUE ........................................................................ 4

        A.      Procedural Due Process ..................................................................... 5

        B.      Substantive Due Process ..................................................................... 7

        POINT II
        THIS COURT LACKS SUBJECT MATTER JURISDICTION
        OVER PLAINTIFF'S ARTICLE 78 CLAIM ................................................................ 8

        POINT III
        THIS COURT ALREADY HAS REJECTED
        PLAINTIFF'S RIGHT TO PETITION CLAIM
        AND SHE HAS PETITIONED DEFENDANTS.............................................................. 8

        POINT IV
        THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED ......................................... 9

        POINT V
        PLAINTIFF'S CLAIMS IN THIS ACTION SHOULD BE
        STAYED UNTIL *WETZEL III* IS RESOLVED .............................................................. 9

IV.     CONCLUSION............................................................................................................ 10

# TABLE OF AUTHORITIES

## Cases

*ATSI Communications, Inc. v. Shaar Fund, Ltd.,*
  493 F.3d 87 (2d Cir 2007) ........................................................................................... 4

*Bell Atlantic Corp. v. Twombly,*
  127 S.Ct. 1955 (2007) ............................................................................................. 4, 6

*Cartagena v. City of New York,*
  257 F. Supp. 2d 708 (S.D.N.Y. 2003) ...................................................................... 8

*Gudema v. Nassau County,*
  163 F.3d 717 (2d Cir. 1998) ...................................................................................... 6

*Hellenic Am. Neighborhood Action Comm. (HANAC) v.*
  *City of New York,*
  101 F.3d 877 (2d Cir. 1996), cert. dismissed, 521 U.S.
  1140, 118 S.Ct. 15 (1997) .......................................................................................... 6

*Holmes v. Gaynor,*
  313 F. Supp. 2d 345 (S.D.N.Y. 2004) ...................................................................... 5

*Iqbal v. Hasty,*
  490 F.3d 143 (2d Cir. 2007) ...................................................................................... 4

*Johnson & Johnson v. Guidant Corp.,*
  525 F.Supp.2d 336 (S.D.N.Y. 2007) ........................................................................ 4

*Kopf v. Nulty,*
  306 A.D.2d 483, 761 N.Y.S.2d 517 (2d Dep't 2003) .............................................. 7

*Locurto v. Safir,*
  264 F.3d 154 (2d Cir. 2001) .................................................................................. 6, 7

*O'Connor v. Pierson,*
  426 F.3d 187 (2d Cir. 2005) ...................................................................................... 5

*Vargas v. City of New York,*
  377 F.3d 200 (2d Cir. 2004) ...................................................................................... 6

*Velez v. Levy,*
  401 F.3d 75 (2d Cir. 2005) ........................................................................................ 7

## Statutes

Fed. R. Civ. P. 12 .......................................................................................................... 10

RCPA § 7 .......................................................................................................... 2, 3, 5, 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

LORRAINE WETZEL,

                Plaintiff,

      -against-                         08 Civ. 0196 (SCR)

THE TOWN BOARD OF ORANGETOWN,
THE TOWN OF ORANGETOWN,
THOM KLEINER, MARIE MANNING AND
DENIS TROY,
                Defendants.

------------------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PORTIONS OF THE COMPLAINT

## I.    PRELIMINARY STATEMENT

      Defendants the Town Board of Orangetown (the "Town Board"), the Town of Orangetown (the "Town"), Thom Kleiner, Marie Manning and Denis Troy (collectively the "Defendants") submit this reply memorandum of law in further support of their motion to dismiss portions of the Complaint filed by Plaintiff Lorraine Wetzel ("Plaintiff").

      At the heart of Plaintiff's case lies a fallacy which she has repeated (*ad nauseum*) to this Court throughout all of the Wetzel cases -- that the disciplinary hearing was a "sham", that the charges were "baseless" and that she was "convicted" by a "biased, for hire hearing officer (henchman, hanging Judge)" and was "denied the ability to present 'her side of the story' to the Town Board." Nothing could be farther from the truth. Plaintiff fails to recognize that there was no need for the Town Board to hire a "hanging judge." Had the Town Board desired a certain result, as is suggested by Plaintiff, the Town Board simply could have held the hearing itself, without the need for a hearing officer.

Plaintiff completely misapprehends the Rockland County Police Act ("RCPA" "). [1] Initially, plaintiff's complaint is that she was entitled to a hearing "before the Town Board." Nothing in the RCPA, however, requires such a hearing. In fact, Section 7 of the RCPA only requires that "no person who shall have preferred such charges .... shall sit as judge upon such hearing or trial." It further states that "any officer found guilty ... shall be punished by the Board," and that "conviction of a member ... by the Board shall be subject to review ...".

Confusingly, on the one hand, Plaintiff complains that she had the right to a hearing before the "Town Board", (not a "for hire" hearing officer), and on the other hand, she complains that the Town Board "rigged the case" (by hiring the "hanging judge") and that she should not be required to challenge the resulting discipline through an Article 78 proceeding because her success there would, at best, only allow for a new trial before the "unjust Town Board."

It is undisputed that Plaintiff's disciplinary charges, the linchpin of her Complaint, are governed by Section 7 of the RCPA. The RCPA only requires that the officer be provided with "five (5) days' notice and an opportunity to be heard," as well as the "right to a public hearing and trial and to be represented by counsel." Plaintiff does not (and cannot) maintain that she was not provided with all of these procedural requirements by the Town. Rather, she makes picayune, conclusory complaints, such as she was unable to participate in the selection of the hearing officer, she was unfamiliar with the hearing officer (and his experience with police discipline), the hearing was governed without any rules or regulations, the hearing officer was biased because he refused to grant her an adjournment, and the hearing officer refused to answer her "*voir dire*" questions at the commencement of the hearing. The problem with Plaintiff's

---

[1] The RCPA is 1936 N.Y. Laws Chapter 526, as amended by 1941 N.Y. Laws Chapter 401, 1946 N.Y. Laws Chapter 941, 1961 N.Y. Laws Chapter 88, 1963 N.Y. Laws Chapter 372. The RCPA is Exhibit "C" to the Declaration of Lance H. Klein, Esq., dated April 4, 2008, which declaration was submitted by Defendants in support of the instant motion when initially made and will be cited as "Klein Declaration" or "Klein Dec."

concerns is that even if they are legitimate (which they are not), the answer to all of them is "so what." None of her concerns, even if true, violate the RCPA nor any of her Constitutional rights.

Other than her conclusory allegations, there is nothing to even remotely suggest that the hearing was a "sham." Plaintiff does not dispute that a hearing took place, over nine (9) hearing days, was presided over by a hearing officer, at which witnesses were sworn in and testified, evidence was accepted into the record (or rejected), objections were ruled upon, motions were decided, and, ultimately, from which a report and recommendation was made to the Town Board.

The process utilized by the Town Board denied Plaintiff neither procedural nor substantive due process. It is simply the result of applying the RCPA and its procedural requirements to the Plaintiff's disciplinary charges. For some reason, Plaintiff ignores the fact that she testified at the disciplinary hearing, and that her testimony was part of the Record (the transcript), which was forwarded to the Town Board. Thus, indeed Plaintiff was able to (and did) "tell her side of the story." To suggest otherwise is a complete misrepresentation.

Plaintiff also fails to comprehend that her "right to petition" claim must be dismissed for the same reasons her identical claim was dismissed in *Wetzel II.* Simply put, Plaintiff has no right to redress the Town Board concerning the disciplinary hearing. Moreover, her right to petition her government for redress has not been abridged or denied by the Defendants. As she acknowledges in her Complaint, she has addressed the Town Board with regard to the disciplinary charges.

In opposition to Defendants' motion, Plaintiff indicates Defendants Thom Kleiner, Marie Manning and Denis Troy (collectively, the "Individual Defendants") are only sued in their official capacities but are necessary parties for the award of the equitable relief. Yet, in her Complaint, Plaintiff has not sought any equitable relief directing any of the Individual

-3-

Defendants to take or restrain from taking a particular action. Plaintiff has not cited any authority stating equitable relief cannot be awarded against the Town or the Town Board. Accordingly, the Individual Defendants should be dismissed.

Defendants have asked this Court to stay this action until Plaintiff's claims concerning the disciplinary charges are resolved in a prior related proceeding, *Wetzel III*. Plaintiff opposes, and proposes consolidating the damages aspect of *Wetzel VI* with *Wetzel III*. However, consolidation would be prejudicial to all of the Defendants, since they differ in the two actions.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

The procedural status of this action and a summary of the facts relevant to this motion were set forth in the initial memorandum of law in support of the instant motion served by the Defendants.

## III.    ARGUMENT

### POINT I

### PLAINTIFF HAS RECEIVED
### ALL OF THE PROCESS SHE IS DUE

Incredibly, Plaintiff alleges in her Complaint and her Memorandum of Law that the Town deprived her of due process by purportedly orchestrating a "sham" proceeding – hiring a hearing officer to "convict" her regardless of the evidence. (*See e.g.* Compl. ¶ 21; Pltf. MOL p. 7). [2] This is absurd, cannot pass the plausibility standard applicable to motions to dismiss[3] and is contradicted by the facts of this action as alleged in the Complaint. Plaintiff's assertion is not

---

[2] "Compl." refers to the Complaint in this action, which is Exhibit "A" to the Klein Declaration. "Pltf. MOL" refers to Plaintiff's Memorandum of Law Opposing Defendants' Motion to Dismiss dated and filed May 8, 2008.

[3] *See Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965-66, 1974 (2007); *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007); *ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 n.2 (2d Cir 2007). Under this standard a complaint may be dismissed where it fails to plead "'enough facts to state a claim to relief that is plausible on its face.'" *Johnson & Johnson v. Guidant Corp.,* 525 F.Supp.2d 336, 345 (S.D.N.Y. 2007) *(quoting Bell Atlantic Corp.,* 127 S.Ct. at 1974).

plausible because the Town Board was empowered to preside over the hearing of the disciplinary charges itself (RCPA §7; Compl. ¶ 240) – so, if it wanted a particular outcome, there was no need to hire anyone to be a hearing officer – it could just conduct the hearing itself.  Moreover, the hearing officer did not "convict" Plaintiff.  Rather, he provided a recommendation to the Town Board as to whether to find Plaintiff guilty of any of the disciplinary charges and what penalty, if any, was appropriate.  (Compl. ¶¶ 48, 52, 64,  Exh. 1).  Of course, Plaintiff fails to mention that the Town Board reduced the penalty recommended by the allegedly "biased" hearing officer. (*See* Compl. Exh. 1).

A.    **Procedural Due Process**

Plaintiff received all of the due process to which she was entitled.  The Complaint admits and/or the transcripts of the disciplinary hearing establish that Plaintiff received prior notice of the commencement of the hearing (more than 5 days), attended the hearing, was represented by counsel, spent eight (8) hearing dates presenting evidence – including her own and other witness testimony – in defense of the charges.  (Compl. ¶¶ 15, 28-30, 33, 124, Exhs. 1, 2; Klein Dec. Exhs. G, H, I, J, K, L, M, N and O).  In the context of pre-deprivation opportunities to be heard, due process does not require anything more. *See O'Connor v. Pierson*, 426 F.3d 187, 198 (2d Cir. 2005); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 359 (S.D.N.Y. 2004).  Incredibly, to avoid these authorities, Plaintiff contends that the hearing on the disciplinary charges is not properly classified as a "pre-deprivation" proceeding.  (*See* Pltf. MOL, pp. 6-7).  Yet, according to the Complaint, the Town Board determined her guilt with respect to the disciplinary charges and imposed a ten (10) suspension on December 10, 2007 and the suspension was enforced beginning January 4, 2008.  (Compl. ¶¶ 74-76, Exh. 1).  All other actions complained of, such as the hearing on the disciplinary charges that concluded on November 1, 2006 (Compl. ¶ 30), came

before Plaintiff's suspension (Compl. ¶¶ 74-76, Exh. 1); so, clearly a pre-deprivation proceeding is at issue.

Plaintiff has failed to plead any plausible facts demonstrating that the hearing officer appointed by Defendants was not fair and impartial. A "refusal to grant a reasonable adjournment" does not, on its face, even come close to suggesting that the hearing officer was biased. By citing *Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001), Defendants were merely pointing out that a neutral hearing officer is not always required for a pre-termination hearing. They in no way conceded or implied that their hearing officer was not neutral. Defendants insist the hearing officer was, in fact, fair and impartial, and Plaintiff has not plead any facts to plausibly suggest he was not. *See Bell Atlantic Corp,* 127 S.Ct. at 1974.

Moreover, multiple authorities have held the availability of a CPLR Article 78 proceeding constitutes an adequate post-deprivation remedy for any due process violation that allegedly occurred during or as a result of the preferral, prosecution and disposition of the disciplinary charges. *See Locurto*, 264 F.3d at 175; *Vargas v. City of New York*, 377 F.3d 200, 208 (2d Cir. 2004); *Hellenic Am. Neighborhood Action Comm. (HANAC) v. City of New York,* 101 F.3d 877, 881 (2d Cir. 1996), *cert. dismissed,* 521 U.S. 1140, 118 S.Ct. 15 (1997); *Gudema v. Nassau County,* 163 F.3d 717, 724-25 (2d Cir. 1998). Plaintiff seeks to avoid these authorities by contending that a CPLR Article 78 proceeding is only adequate when the deprivation is the result of a random and unauthorized act. However, the Second Circuit has rejected this specific argument already:

> An Article 78 proceeding therefore constitutes a wholly adequate post-deprivation hearing for due process purposes. *E.g., Hellenic Am. Neighborhood Action Comm.,* 101 F.3d at 881. A distinction that some of the above cases typically involved random and unauthorized conduct, rather than conduct according to predetermined rules, is immaterial. [citations omitted].

*Locurto*, 264 F.3d at 175.

Plaintiff asserts a CPLR Article 78 proceeding is not adequate in this case because it will not include a trial *de novo* of the disciplinary charges. But a due process claim in federal court would not try the disciplinary charges *de novo* either. Rather, it would examine the procedures used to determine whether Plaintiff was deprived of her property interest (10 days of work) without due process, not whether she was or was not actually guilty of the charges asserted. Furthermore, as Plaintiff knows from personal experience, a CPLR Article 78 proceeding can include a hearing when appropriate. *See Kopf v. Nulty*, 306 A.D.2d 483, 761 N.Y.S.2d 517 (2d Dep't 2003) (petitioner [who is the Plaintiff in this action] was entitled to [and did receive] a hearing in an Article 78 proceeding to attempt to prove her allegations).

## B.    <u>Substantive Due Process</u>

Plaintiff asserts that her allegations of a "sabotaged and corrupted" "playing field" and a "bought and paid for hanging judge" are sufficient to state a substantive due process claim. (*See* Pltf. MOL, p. 11). As expressed above this is illogical and not plausible.

Plaintiff has not alleged any malicious, oppressive or shocking conduct by any of the Defendants in this action. To the extent Plaintiff has alleged actions that rise beyond the wrongful to the unconscionable and shocking, these actions, if proven, would constitute, in themselves, specific constitutional violations, *e.g.* gender discrimination, retaliation and denial of equal protection. Such violations should be pursued in their own right in a Section 1983 action and not as a substantive due process claim. *See Velez v. Levy,* 401 F.3d 75, 94 (2d Cir. 2005).

## POINT II

## THIS COURT LACKS SUBJECT MATTER
## JURISDICTION OVER PLAINTIFF'S ARTICLE 78 CLAIM

Defendants moved to dismiss the third claim in the Complaint because the Southern

District of New York has specifically found that it does not have the discretion to exercise

supplemental jurisdiction over an Article 78 claim. *Cartagena v. City of New York*, 257 F. Supp.

2d 708, 710 (S.D.N.Y. 2003). Plaintiff tries to avoid this authority by arguing her third claim is

just a *certiorari* claim not an Article 78 claim, and, therefore, is within the supplemental

jurisdiction of this Court. (Compl. ¶¶ 237-38). This position is incredulous since she entitled

this claim: "Third Claim For Relief - Certiorari (Article 78) Review of the Finding of Guilt and

Penalty Assessment of the Defendant's Town Board, With a Declaration Nullifying the Town

Board's December 10, 2007 Action" (*See* Compl. pp. 45-46 [emphasis added]) and the RCPA

explicitly provides for reviewing a disciplinary determination through an Article 78 proceeding

in a state court (*See* RCPA § 7 [Klein Dec. Exh. C]).

## POINT III

## THIS COURT ALREADY HAS REJECTED
## PLAINTIFF'S RIGHT TO PETITION CLAIM
## AND SHE HAS PETITIONED DEFENDANTS

In a related proceeding, *Wetzel II*, this Court has already held that Plaintiff has no right to

petition the Town or its Board concerning the disciplinary charges. (Klein Dec. Exh. T).

Plaintiff alleges this prior determination is inapplicable because in *Wetzel II* she sought to

petition the Town Board regarding the in-progress disciplinary process and now she seeks to

petition the Town Board when its preparing to act. (Pltf. MOL, p. 20). This is a distinction

without a difference. In both instances, Plaintiff purportedly desired to speak to the Town Board

concerning the disciplinary charges and it was her speech concerning these charges that this Court determined was not protected. (Klein Dec. Exh. T).

Nonetheless, as set forth in Defendants' initial memorandum in support of this motion (*see* pp. 18-19 thereof), Plaintiff already has petitioned the Town Board with respect to the disciplinary charges. Thus, although Plaintiff has no right to petition the Town Board with regard to the disciplinary charges, she already has petitioned it.

## POINT IV

### THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED

Plaintiff declares in opposition to this motion that she has only sued the Individual Defendants in their official capacities. (*See* Pltf. MOL p. 21). She alleges they are necessary for an award of the equitable relief she seeks in this Complaint. (*Id.*). Yet, none of the equitable relief sought directs or prohibits any act by any of the Individual Defendants themselves. (*See* Compl. p. 52). Rather, she seeks equitable relief with respect to the actions of the Town Board, which is a separately named defendant herein. Plaintiff provided no authority that prevents the award of equitable relief against a municipality or one of its boards. Moreover, the Complaint is virtually devoid of any allegation that these individuals took any action with respect to Plaintiff and is devoid of any allegation that they acted with an improper motive when they did take action concerning Plaintiff.

## POINT V

### PLAINTIFF'S CLAIMS IN THIS ACTION SHOULD BE STAYED UNTIL *WETZEL III* IS RESOLVED

Defendants have asked this Court to stay this action until Plaintiff's claims concerning the disciplinary charges are resolved in a prior related proceeding, *Wetzel III*. Plaintiff opposes the stay because *Wetzel III* is still in the pre-discovery phase. Instead, Plaintiff proposes

consolidating the damages aspect of *Wetzel VI* with *Wetzel III*; however, consolidation would be prejudicial to the defendants because the two actions have different defendants. Moreover, the consolidation proposed by Plaintiff increases the burden on judicial and Town resources, because she wants to keep her equitable claims in *Wetzel VI* (*See* Pltf. MOL, p. 23), which would mean trying the claims set forth in this Complaint (*Wetzel VI*) both in *Wetzel III*, by a jury, and in *Wetzel VI*, by the Court.

## IV.    CONCLUSION

For the reasons set forth above, Defendants request that the Court enter an Order that: (a) dismisses the second and fourth claims in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6); (b) dismisses the third claim in the Complaint pursuant to Fed. R. Civ. P. 12(b)(1); (c) dismisses the claims against Defendants Thom Kleiner, Marie Manning and Denis Troy pursuant to Fed. R. Civ. P. 12(b)(6); (d) strikes Exhibit A to the Complaint; (e) stays the adjudication of this action until the claims premised on the disciplinary charges in *Wetzel III*, have been resolved; and (f) awards Defendants such other and further relief as the Court deems just and proper.

Dated:    White Plains, New York
          May 23, 2008

                              KEANE & BEANE, P.C.

                       By:    _____
                              Lance H. Klein (LK 8243)
                              Stephanie L. Burns (SB 3467)
                              Attorneys for Defendants
                              445 Hamilton Avenue, Suite 1500
                              White Plains, New York 10601
                              (914) 946-4777